

**FILED**

MAR 03 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WENDY TOLLIVER-MCGREGOR,<br><br>*Plaintiff*,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION, an Illinois Mutual Legal Reserve Company d/b/a BLUE CROSS AND BLUE SHIELD OF MONTANA,<br><br>*Defendant*. | Case No. 2:16-cv-00058<br><br>**AGREED PROTECTIVE ORDER** |

WHEREFORE, the parties having agreed to entry of the following Protective Order, and good cause appearing,

IT IS HEREBY ORDERED that the following Protective Order (the "Order") shall be in effect and govern the designation and handling of documents and information designated as confidential by a party in this case:

## **ORDER**

By and through their counsel of record, the parties hereby agree as follows:

1. Certain documents (and related information, materials, documents, and/or records) produced in the course of this action (the "Litigation") may contain sensitive, confidential, proprietary, or secret commercial information not designed

or meant for public disclosure or barred from disclosure by law (the "Protected Information"). Such documents or information produced by Plaintiffs or Defendants may be classified as "Confidential" by the producing party (the "Designating Party"). This Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated "Confidential."

    a. "Confidential" documents shall include all documents and copies of such documents which the Designating Party has designated as "Confidential" by marking each page of each document "Confidential." The Designating Party may also designate other material, including but not limited to, interrogatory responses to requests for admission, deposition transcripts, deposition videos, information or other written, recorded, or graphic material produced or disclosed in this Litigation as "Confidential" and thus bring them within the scope of this Order. In lieu of marking the originals of such documents, any party may mark the copies of such documents that are produced or exchanged.

    b. Any summary, compilation, notes, copy, electronic image, or database containing Protected Information shall be subject

to the terms of this Order to the same extent as the material or information from which the summary, compilation, notes, copy electronic image, or database is made or derived.

2. Protected Information used in this Litigation may be disclosed only to "Qualified Persons." "Qualified Persons" as used in this Order means:

    a. This Court and its personnel;

    b. Any third party appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff;

    c. Counsel of record for any party, including partners and associate attorneys assigned to this litigation, and all paralegal assistants, stenographic and clerical employees when working under the direct supervision of each such attorney to whom it is necessary that "Confidential" information be shown for purposes of the Litigation;

    d. Experts, disclosed witnesses, and mock jurors employed, retained, or consulted by any party for the purpose of assisting in the preparation for trial or trial of this Litigation;

e. The named parties, or a designated representative of a party, who may be assisted by stenographic and clerical employees under the direct supervision of other Qualified Persons as herein defined; and

f. Court reporters and stenographic reporters engaged in activities necessarily incident to the preparation for trial of the Litigation.

3. HIPAA Information. The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal information, including Protected Health Information, Individually Identifiable Information, and any other protected information, as defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, and agree that any such information may be designated as "Confidential."

a. "Protected Health Information," as used herein, shall have the same scope and definition as set forth in 45 C.F.R. § 160.103.

b. "Individually Identifiable Information," as used herein, means information referred to and identified in 45 C.F.R. §164.514(b).

c. Additionally, the Parties and their attorneys and any future parties and their attorneys in this Proceeding, and any "covered entities," as that term is defined in 45 C.F.R. § 160.103, are hereby authorized to receive, subpoena, disclose, and transmit Confidential Material to the extent and subject to the conditions outlined herein.

4. Any documents or information designated "Confidential" information during a deposition, which designations shall be made on the record at the time of the deposition, or which are marked as exhibits or shown to the deponent or otherwise employed during a deposition shall be considered "Confidential" information and subject to this Order.

5. Unless deemed admissible and subject to public disclosure by the Court at the time of trial, any information designated as "Confidential" shall not be made available to any persons other than the Court (under seal) and those Qualified Persons listed in Subparagraphs 2.a. through 2.f. above. Qualified Persons who

receive "Confidential" information shall use it solely for the purpose of this Litigation, and for no other purpose whatsoever.

6. The limitations of this Order shall not apply to any information or document or thing which, at or prior to disclosure thereof in this action, is or was publicly available, or which after disclosure thereof, becomes publicly available other than by act or omission of the Receiving Party or its agents.

7. If the Court orders, or if the Designating Party agrees in writing, access to, or dissemination of, information submitted by the Designating Party as "Confidential" information may be made to persons other than those included in Paragraph 2, but such matter shall only be accessible to, or disseminated to, such person in conformity with the written consent and agreement of the Designating Party or, if pursuant to a court order, based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it, unless the Court first finds that the information is not "Confidential" information as defined in Paragraph 1 hereof.

8. In the event the party receiving information designated as "Confidential" disputes whether the information is properly designated as such, the Receiving Party shall, within thirty (30) days, notify the designating party . The parties shall meet and confer in good faith to resolve the dispute. If resolution

cannot be reached, within ten (10) days of the meet and confer conference, the designating party may move for an order upholding its "Confidential" designation. During the time any such motion is pending, the Receiving Party shall continue to treat the designated information as "Confidential."

9. The parties shall not be precluded by this Order from timely complying with the demand or subpoena of any authority having jurisdiction. The parties, shall, however, use reasonable, diligent efforts to obtain confidential treatment of any Protected Information disclosed pursuant to this paragraph (or any other applicable provision hereof), and shall promptly notify the other party of such demand or subpoena, and provide copies of the demand or subpoena received.

10. No "Confidential" documents shall be filed with the Court except under seal, or unless deemed non-Confidential in accordance with the procedure set forth in Paragraph 8 above.

11. Filing of documents under seal shall be conducted in compliance with L.R. 5.1(d). No document filed under seal shall be considered by the Court or relied upon by any party absent an order of Court so permitting.

12. All parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents filed under seal, will be made public contemporaneously with the Court's ruling on the issue.

7

13. None of the terms or conditions of this agreement shall apply to any information or documentation which hereafter becomes subject to public disclosure by order of Court or agreement of the parties.

14. No date or deadline established by separate order of Court shall be modified or extended unless authorized by Court order for good cause shown.

15. With sole exception of counsel and their employees, the Court and its personnel, each person to whom disclosure of "Confidential" information is to be made shall be advised of this Protective Order and shall execute an agreement (the form of which is <u>Exhibit "A"</u> hereto) (the "Confidential Agreement") signed pursuant to the terms of this Protective Order. Each such writing shall be retained by counsel and shall be made available to the other party upon request following settlement or judgment. This paragraph shall not apply to Plaintiff's medical records disclosed to Plaintiff's treating medical providers.

16. At the conclusion of the litigation, any originals or reproductions of any Confidential documents produced by a party, not previously in possession of the opposing party, shall be returned to the Designating Party or destroyed within 30 days upon request. Other than attorney work product, any and all copies, analyses, compilations, summaries and extracts in the possession or control of one party and "Qualified Persons" associated therewith which reflect or include

8

information derived from documents or testimony designated as "Confidential" by the other party shall be destroyed. "Confidential" information contained in attorney work product shall not be disseminated by the attorney, except in compliance with the procedures set forth in this Order.

17. If "Confidential" information submitted in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately notify the Designating Party and make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

18. Any Party may seek a modification of this Order at any time by filing an appropriate motion with the Court. Nothing in this Order shall abridge the right of any person to seek further judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of "Confidential" information. Nothing contained herein shall be construed as a waiver of any objections which might be raised as to the admissibility of any evidentiary material at any time during the Litigation.

19. The provisions of this Order shall continue to be binding after the conclusion of the litigation, except that a party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or

modifications of the Order which may also be made by any party at any time during the pendency of this litigation.

DATED this 3rd day of March, 2017.

/s/ Sam E. Haddon
Sam E. Haddon
United States District Judge