IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION



FILED
APR 04 2019
Clerk, U S District Court
District Of Montana
Helena

| | |
|---|---|
| WENDY TOLLIVER-MCGREGOR,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION, an Illinois mutual legal reserve company d/b/a in Montana as Blue Cross and Blue Shield of Montana,<br><br>Defendant. | No. CV-16-58-BU-SEH<br><br>**ORDER** |

On April 4, 2019, a hearing was conducted on all pending motions in this case.

Upon the record made in open court,

ORDERED:

1.      Plaintiff's Motion for Partial Summary Judgment Re: the Plain Meaning of "Will Consult With" & Breach of Contract[1] is DENIED.

2.      Plaintiff's Motion in Limine to Exclude the Testimony of Michael

---

[1] Doc. 89.

Ridgeway[2] is GRANTED in part and DENIED in part, as stated on the record.

3. Plaintiff's Motion in Limine Re: After-Acquired Evidence & the Testimony of Morgan Lorio, M.D.[3] is GRANTED in part and DENIED in part, as stated on the record.

4. Defendant's Motion for Partial Summary Judgment[4] is DENIED.

5. Defendant's Motion *in Limine* No. 1 to Exclude Evidence not Before BCBSMT When it Made its Determination That Plaintiff's In-Patient Rehabilitation Stay at Craig Hospital was not Medically Necessary[5] is DENIED.

6. The parties having stated on the record that no evidence or argument of a claim by Plaintiff of financial hardship resulting from any alleged conduct of Defendant will be offered at trial, Defendant's Motion *in Limine* No. 2 to Exclude Evidence Regarding Financial Hardship[6] is WITHDRAWN.

7. The parties having stated on the record that neither party will seek to call Dr. Howard Choi as a witness or to present evidence at trial of opinions Choi may have, Defendant's Motion *in Limine* No. 3 to Exclude References to Prior

---

[2] Doc. 105.

[3] Doc. 107.

[4] Doc. 94.

[5] Doc. 97.

[6] Doc. 99.

Judicial Opinions Regarding Dr. Howard Choi[7] is GRANTED.

8. Defendant's Motion to Exclude the Expert Testimony of Gregory Munro and Cori Cook[8] is GRANTED.

FURTHER ORDERED:

To assist the Court in address and resolution of whether Defendant acted in violation of the Montana Unfair Trade Practices Act, Mont. Code Ann. § 33–18–201(4), by failure to conduct "a reasonable investigation based upon all available information" before it determined on August 4, 2016, to deny Plaintiff coverage for inpatient rehabilitative care at Craig Hospital[9]:

1. Defendant shall have to and including April 19, 2019, to file a brief and relevant documents in support of its position on the issue.

2. Plaintiff shall have to and including May 3, 2019, to file a brief and supporting documents in response.

3. Defendant shall have to and including May 10, 2019, to reply.

4. Upon submission and filing of briefs and supporting documents as ordered above, the question of law of whether Defendant violated § 33–18–201(4) will be addressed and submitted to the Court, if appropriate, as a matter for summary judgment resolution under Fed. R. Civ. P. 56.

---

[7] Doc. 101.

[8] Doc. 103.

[9] *See* Doc. 70 at 38–40.

A proposed final pretrial order is due on May 3, 2019.[10] If a request for extension of time to file the order is deemed necessary and appropriate, a joint request to modify the filing deadline may be submitted.

DATED this 4th day of April, 2019.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Court

---

[10] *See* Doc. 59 at 3.